J-S25038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYANDO C. HUGGINS | : | |
| | : | |
| Appellant | : | No. 2953 EDA 2023 |

Appeal from the PCRA Order Entered October 27, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0202361-2005

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED AUGUST 15, 2024**

Rayando Huggins ("Huggins") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas denying his petition for writ of habeas corpus. Because Huggins' petition was properly construed as a serial, untimely petition pursuant to the Post Conviction Relief Act ("PCRA"),[1] and Huggins failed to establish an exception to the statutory time-bar, we affirm.

On January 20, 2006, a jury found Huggins guilty of first-degree murder for the shooting death of Eric Baylis. The trial court sentenced Huggins to the mandatory term of life imprisonment. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on September

---

[1] 42 Pa.C.S. §§ 9541-9546.

25, 2008.  *See Commonwealth v. Huggins*, 1363 EDA 2007 (Pa. Super. Feb. 8, 2008) (non-precedential decision), *appeal denied*, 960 A.2d 837 (Pa. 2008).

On February 12, 2009, Huggins filed his first a pro se PCRA petition, alleging ineffective assistance of counsel for trial counsel's failure to object to the prosecutor's statements during his closing argument, which Huggins contended included his personal opinions about his guilt.  The PCRA court dismissed the petition without a hearing, and this Court affirmed.  *See Commonwealth v. Huggins*, 3228 EDA 2010 (Pa. Super. Aug. 4, 2011) (non-precedential decision).  On January 19, 2018, Huggins filed a petition for habeas corpus relief, alleging that he was illegally confined on the basis of 18 Pa.C.S. § 1102(a).  The PCRA court treated this petition as his second PCRA petition and dismissed the petition; on appeal, this Court affirmed.  *See Commonwealth v. Huggins*, 3280 EDA 2019 (Pa. Super. Oct. 14, 2020) (non-precedential decision)

On May 4, 2022, Huggins filed the instant pro se "Petition for Writ of Habeas Corpus," arguing his due process rights were violated when the PCRA court dismissed his first PCRA petition without a hearing.  The PCRA court treated the filing as a PCRA petition and dismissed it as untimely.  Huggins filed a timely pro se notice of appeal.  Huggins now presents the following issue for our review: "Whether [Huggins] is illegally confined on the basis of

a PCRA proceeding that violated Due Process because the court failed to convene a hearing?" Huggins' Brief at 3.

Before we address the merits of Huggins' claim, we must first determine whether the PCRA court properly treated his motion as a PCRA petition, subject to the PCRA's jurisdictional requirements. The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue raised is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also* 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."); *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (noting an appellant cannot escape the PCRA time bar by titling their petition as a writ of habeas corpus).

The argument raised by Huggins is centered upon the PCRA court's dismissal of his first PCRA petition without a hearing to determine whether his trial counsel was ineffective. *Id.* at 5-6. Our review of his filing reveals that Huggins seeks to relitigate his ineffectiveness claim from his first PCRA petition. Thus, his claim is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(ii); *Commonwealth v. Descardes*, 136 A.3d 493, 499 (noting that a claim for ineffectiveness of counsel falls within the framework of the PCRA, and that the PCRA is the only means of relief for such a claim). As

Huggins' petition is cognizable under the PCRA, we must construe it as a PCRA petition.

The threshold question we must answer then is whether Huggins' PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time bar. *See Fantauzzi*, 275 A.3d at 994 (noting "the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

42 Pa.C.S. § 9545(b)(1).  A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Huggins' judgment of sentence became final on December 24, 2008, after the time to file an appeal to the United States Supreme Court expired. *Id.* § 9545(b)(3).  Therefore, the instant PCRA petition, filed on May 4, 2022, is facially untimely.  Additionally, Huggins failed to allege, let alone prove, any exceptions to the one-year time bar.  *See* Petition for Habeas Corpus, 5/4/2022.  Accordingly, the PCRA court did not have jurisdiction to entertain Huggins PCRA petition on the merits and we likewise lack jurisdiction to consider the claim raised on appeal.  *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  8/15/2024

- 5 -